FILED MAY 14 2012
s/Heather Muse
BY CLERK OF COURT

PHILIP MANCUSO

SUIT NO. 2012-0001577 DIV "D"

VERSUS

21st JUDICIAL DISTRICT COURT

NATIONAL RAILROAD PASSENGER
CORPORATION, d/b/a AMTRAK, and      PARISH OF TANGIPAHOA
ILLINOIS CENTRAL RAILROAD
COMPANY, D/B/A CANADIAN
NATIONAL/ILLINOIS CENTRAL (CN/IC)   STATE OF LOUISIANA

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## PETITION FOR DAMAGES

The Petition of Philip Mancuso, a resident and domiciliary of the full age of majority of the Parish of Livingston, State of Louisiana, respectfully represents that:

### I.

Made defendants herein are:

A.  National Railroad Passenger Corporation, d/b/a AMTRAK, on information and belief, a foreign corporation not licensed to, but doing business in the State of Louisiana, Parish of Tangipahoa, with its principal place of business in Washington, D.C.; and

B.  Illinois Central Railroad Company, d/b/a/ Canadian National/Illinois Central (CN/IC), hereinafter "Canadian National", a foreign corporation authorized to do and doing business in the State of Louisiana, Parish of Tangipahoa.

### II.

The aforementioned defendants are justly and truly indebted, jointly and severally, unto petitioner in a full and true sum as is reasonable in the premises, together with legal interest thereon from the date of judicial demand, until paid, and for all costs of these proceedings for the following, to wit:

### III.

On information and belief, on May 12, 2011, at approximately 1:45 p.m., petitioner was operating his 1986 Lincoln Town Car. At the time, he and his guest passenger were leaving his residence, and driving westbound across his property towards the railway crossing that runs north and south along Highway 51 in and near Independence, La.

### IV.

Mancuso's home is located just east of the railroad which parallels Louisiana Highway 51, with the only access to Mancuso's property by vehicle being across a private crossing, marked only with crossbuck signs.

**EXHIBIT A**

V.

As petitioner drove westbound out of the gate from his property, into the right of way, he stopped and looked both ways. Seeing nothing, he then proceeded to cross over the track. As petitioner's vehicle was atop the tracks, he saw the southbound AMTRAK train bearing down on the vehicle from the north at a high rate of speed, without sounding its horn.

VI.

Immediately to the north of Petitioner's crossing, the tracks curve out of sight. In addition, at the time, there were large trees and bushes which had been allowed to grow in and on the right of way, which acted to partially block the view to the north.

VII.

Petitioner, quickly accelerated his vehicle, in an attempt to clear the tracks before the on-rushing train reached them. However, before his vehicle could completely clear the tracks, the train struck its right rear quarter panel, spinning the vehicle violently around, and causing the injuries and damages sued for herein.

VIII.

On information and belief, the train was owned and operated by the defendant AMTRAK, and was traveling in excess of the posted/allowable speed limit. The accident indicates the train was traveling at least 79 mph, and witnesses estimated that it was traveling in excess of 80 miles per hour.

IX.

On information and belief, the defendant, Canadian National owned and was responsible for maintaining the right of way and tracks located therein, and which intersected with petitioner's drive, and was therefore responsible for the upkeep and condition of its right of way.

X.

The aforesaid accident was caused by the joint negligence of the defendants herein.

XI.

The defendant, "AMTRAK" was guilty of negligence which contributed to the accident in part by the following:

    (A)    Failing to maintain the proper look-out on the approach to Mancuso's crossing;

    (B)    Operating a train at an excessive speed and speeding through a predominantly residential area containing numerous crossings, both private and public;

(C) Failing to sound the horn before reaching the crossing;

(D) Failing to further signal or warn motorists of the approach of its train;

(E) Failing to note and report the condition of the right of way to Canadian National;

(F) Other acts of negligence to be shown at the trial of this matter.

## XII.

The defendant, Canadian National, was guilty of negligence which contributed to the accident by the following failures/omissions:

(A) Failing to properly maintain the approaches to Mancuso's driveway;

(B) Failure to maintain the right of way to prevent vision obscurements like that present on the day of the accident;

(C) Failing to keep the right of way clear in the direction of the curve north of petitioner's property;

(D) Other acts of negligence to be shown at the trial of this matter.

## XIII.

As a result of the above described accident, petitioner, Philip Mancuso, suffered the following injuries, which include, but are not limited to, the following:

(A) Traumatic involvement of the vertebrae, invertebral disc, nerves, ligaments, and soft tissue of the entire body;

(B) Associated abrasions and contusions about the plaintiff's body, aggravating, precipitating, and causing permanent injuries;

(C) Traumatic involvement of the head/brain, back and neck, causing multiple injuries;

(D) Temporary and permanent damage to the nerves and ligaments of the back and neck;

(E) Temporary and permanent damage to the head;

(F) Broken ribs and permanent physical disabilities and pain, and other injuries not known to plaintiff at this time.

## XIV.

As a result of this accident, petitioner, Philip Mancuso, suffered the following damages and injuries, which include but are not limited to the following:

(A) Past, present, and future hospital, doctor, therapy, drug, and other related medical bills;

(B) Past, present, and future lost wages and income and diminished earning capacity;

(C) Past, present, and future physical pain and suffering;

(D) Past, present, and future mental pain, anguish, and anxiety;

(E) Property damages, including rental car and towing fees;

(F) Other damages to be shown at the trial hereof.

## XV.

Petitioners hereby shows that the defendants owed him duty of due care in the operation of the motor vehicle under its care and control, as well as the maintaining of the right of way; further, petitioner further shows that the defendants breached these duties of due care, as evidenced above, and that this breach of due care was the proximate cause of the injuries and damages which petitioner sustained.

## XVI.

WHEREFORE, petitioner, Philip Mancuso, hereby prays that, after all due legal proceedings be had, there be judgment rendered herein in favor of petitioner, and against the defendants, AMTRAK and Canadian National, and, jointly and severally, in a full and true sum as is reasonable in the premises for the for the damages sustained, all together with legal interest thereon from the date of judicial demand until paid, for all costs of these proceedings, and for all general and equitable relief to which petitioner may be entitled.

RESPECTFULLY SUBMITTED:

_____
MICHAEL A. BETTS, LSBA #19485
171 Del Orleans Avenue, Suite B
Denham Springs, Louisiana 70726
Telephone: (225) 791-7912
Facsimile: (225) 791-7914

SERVICE INFORMATION

PLEASE SERVE:

National Railroad Passenger Corporation d/b/a AMTRAK
*Via Louisiana Long-Arm statute*
c/o Joseph H. Boardman, CEO
Amtrak
Washington Union Station
60 Massachusetts Ave., N.E.
Second Floor
Washington, DC 20002

-and-

Illinois Central Railroad Company, d/b/a/ Canadian National/Illinois Central (CN/IC)
Through its registered agent:
CT Corporation System
5615 Corporate Blvd., Suite 400B
Baton Rouge, LA 70808

STATE OF LOUISIANA   AMITE, LOUISIANA
PARISH OF TANGIPAHOA   MAY 14 2012
s/Heather Moos                        DATE
I, _____ do hereby certify
that this document is a true and correct copy of the
original thereof, consisting of 5 page(s) being a
reproduction thereof from the records on file with
the undersigned, in accordance with Louisiana
Revised Statutes, Title 13, Section 2733.